CLIPPINGER *v.* CLIPPINGER.

1. DIVORCE—CUSTODY OF CHILDREN—FITNESS OF WIFE.
    Finding of trial court in a divorce action that defendant wife was a fit and proper person to have custody of minor children *held,* supported by the record.

2. SAME—APPEAL AND ERROR.
    Finding of trial court in a divorce action that although there was fault on both sides the equities lay with the defendant wife *held,* supported by the record.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  24 Am Jur 2d, Divorce & Separation §§ 772, 779, 785, 788.
[3]  5 Am Jur 2d, Appeal and Error § 545; 24 Am Jur 2d, Divorce & Separation §§ 797, 798.

3. SAME—CHANGE OF DOMICILE—QUESTIONS REVIEWABLE.

> Order of trial court permitting defendant wife and two minor children to make their domicile in a distant State after grant of divorce to her *held,* not properly before the Court, where issue was presented by motion filed subsequent to appeal.

Appeal from Van Buren; Anderson, Jr. (David), J. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket No. 1,466.) Decided November 22, 1966.

Complaint by Patrick Richard Clippinger against Anna Joanne Clippinger for divorce on ground of extreme cruelty. Cross-complaint on ground of extreme cruelty filed by defendant. Judgment and custody of minor children for defendant. Plaintiff appeals. Affirmed.

*Elizabeth H. Ramsey,* for plaintiff.

*Howard & Howard (Frederick A. Lake,* of counsel), for defendant.

FITZGERALD, J. Appellant asks this Court to reverse the judgment of the trial court which granted a divorce and custody of the two minor children of the parties to his wife.

The facts stated briefly indicate that the parties were married in Nevada in 1962, thereafter moving to California where they lived for nine months and where the oldest of their children was born. California was the home State of defendant and appellee.

The parties left California for Michigan, where they lived successively with plaintiff's mother, with plaintiff's sister, and finally moved to quarters of their own. This action for divorce was commenced in October of 1964, an answer and cross-complaint being filed by defendant. Plaintiff here claims that

the trial court erred both in granting a divorce to his wife and in awarding custody of the children to her.

No purpose would be served by straying from a bare bones recitation of chronological events and the trial court's opinion. The multitude of both colorful and dismal facts which unfold in the record can be summarized as indicating a tempestuous marriage best described as unfortunate for the parties as well as the innocent offspring and in which the fault was not unilateral.

The equities, however, lie with the defendant, a fact which was clearly recognized by the trial court in its opinion, viz:

"There appears to have been two relatively happy periods in this marriage. One was the period immediately after marriage while the parties lived in California. The second was in the rented house at Long Lake.

"Other than for these two periods, the homes provided by plaintiff were undesirable and inadequate. They were not helped by the apparent tendency of plaintiff and his relatives to criticize defendant and unite against her. Nor was the relationship improved by plaintiff's obviously belligerent and arrogant attitude toward his wife."

On the subject of child custody the court states, and we concur, "There is no justification in the record for a finding that defendant is not a fit and proper person to have custody of the children and the judgment will award custody to her."

Appellant further raises the question of a court order allowing defendant to make her domicile in California. While this question is not properly before this Court, it having been the result of a motion filed subsequent to this appeal, we are constrained to say that were it properly presented we would not

be disposed to interfere with the trial court's wisdom in granting the motion.

No citations are necessary for affirmance on the record presented.

Affirmed. Costs to appellee.

BURNS, P. J., and T. G. KAVANAGH, J., concurred.